IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01172–CMA–KMT

RODNEY STANTON,

       Plaintiff,

v.

SERGEANT R. ROMERO,
D/S PETRANILLI,
D/S HERRERA,
TONY HARRISON, Food Services Supervisor,
HAYES, Food Service Employee,
CHAPLAIN SCOTT,
D/S BOYD, and
D/S ADDISON,

       Defendants.

## ORDER

       This matter is before the court on Plaintiff's June 15, 2009 letter to the court (#68). Therein, Plaintiff references a prior submission in which he "asked to have [a] person added as a defendant." (Doc. No. 68 at 1.) That prior submission is a Notice of address change (#8, filed June 9, 2009) in which Plaintiff "ask[ed] the court to amend and add [] additional parties." (Doc. No. 8 at 2–3.) The court construes these submissions as Plaintiff's Motion to Amend Complaint, which is DENIED without prejudice.

       The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a).

Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary. In addition, the plaintiff must attach the proposed amended complaint to the motion. The proposed amended complaint must stand alone; it must contain all of the plaintiff's claims.**

Here, the plaintiff does not describe the proposed amendment, nor does he attach a proposed amended complaint to his motion. Indeed, there is hardly a "motion" to speak of. As a result, it is impossible to determine if the proposed amendment is permissible. Therefore,

IT IS ORDERED that Plaintiff's motion (#11) is DENIED.

Dated this 17th day of June, 2009.

                                                                **BY THE COURT:**

                                                                 Kathleen M. Tafoya
                                                                 United States Magistrate Judge