IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01172–CMA–KMT

RODNEY STANTON,

      Plaintiff,

v.

SERGEANT R. ROMERO,
D/S PETRANILLI,
D/S HERRERA,
TONY HARRISON, Food Services Supervisor,
HAYES, Food Service Employee,
CHAPLAIN SCOTT,
D/S BOYD, and
D/S ADDISON,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This matter is before the court on review of the docket.  On October 21, 2009 this court

vacated the Preliminary Scheduling Conference in this matter because Plaintiff could not be

located as he was apparently in transit out of the Department of Corrections at that time.  (Doc.

No. 45.)  On November 19, 2009, this court Ordered Plaintiff to Show Cause why this case

should not be dismissed for failure to keep the court informed of his current address, for failure

to prosecute, and for failure to participate in good faith in this litigation.  (Doc. No. 47.)  On

November 30, 2009, Plaintiff filed a Notice of Change of Address (Doc. No. 48), and on

December 28, 2009, this court discharged the previously-issued Order to Show Cause and reset the Scheduling Conference for January 12, 2010 (Doc. No. 52).  The order resetting the Scheduling Conference was mailed to the plaintiff at the new address he provided to the court, and the court has not received returned mail from that address.  Plaintiff failed to appear for the January 12, 2010 Scheduling Conference.  (*See* Doc. No. 53.)

On January 12, 2010, this court issued its Third Order to Show Cause ordering, *inter alia*, Plaintiff to show cause in writing on or before February 1, 2010, why the Complaint and this action should not be dismissed for failure to prosecute and for failure to participate in good faith in this litigation.  (Doc. No. 54.)  Plaintiff was warned that if the response was not timely filed, this court would recommend dismissal of the Complaint and this civil action without further notice to the parties.  Plaintiff has failed to file a response concerning his failure to prosecute this action and to participate in good faith in this litigation and, therefore, has failed to comply with the court's January 12, 2010 Order to Show Cause.

It is Plaintiff's responsibility to prosecute this action.  Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Moreover, Rule 16(f) provides,

> [o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney:  (A) fails to appear at a scheduling or other pretrial conference; (B) is

substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f); *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting the court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute).

Furthermore, on May 22, 2009, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. No. 2, Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 [hereinafter "Order granting IFP status"].) Section 1915(b)(2) requires an indigent inmate plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. 28 U.S.C. § 1915. In the Order granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed to either make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action. (*See* Order granting IFP status.)

As of August 27, 2009, the only statement provided by Plaintiff in this case was received with his application for leave to proceed under 28 U.S.C. 1915 on May 12, 2009. (Doc. No. 1.) On August 27, 2009, this court issued an Order to Show Cause why this case should not be dismissed for Plaintiff's failure to make the required monthly payment or show cause why he has no assets and no means by which to make the monthly payments for the months of June 2009

3

through August 2009.  (Doc. No. 41.)  On September 10, 2009, Plaintiff submitted an Inmate

Trust Account Statement for February through August 2009 (Doc. No. 42), and on September

11, 2009, this court discharged the Order to Show Cause (Doc. No. 43.)  Since filing his Inmate

Trust Account Statement on September 10, 2009, Plaintiff has failed to make the required

monthly payment or show cause why he has no assets and no means by which to make the

monthly payments for the months of September 2009 through January 2010.

On January 12, 2010, this court Ordered Plaintiff make the required monthly payments or

show cause why he has no assets and no means by which to make the monthly payments for the

months of September 2009 through January 2010.  (Doc. No. 54.)  Plaintiff was warned that if he

failed to comply with this Order, this court would recommend dismissal of the Complaint and

this civil action without further notice.  No payment has been received, nor has Plaintiff shown

cause why he has no assets and no means by which to make the monthly payments for the

months of September 2009 through February 2010.  Plaintiff, therefore, has not complied with

the court's January 12, 2010 Order.  (Doc. No. 54.)

Plaintiff previously was warned that it is not acceptable for Plaintiff to meet his monthly

obligations only when specifically called upon by the court through an order to pay or show

cause, as such a procedure unreasonably burdens the court.  (Doc. No. 41.)

**DISCUSSION**

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the circuit court enumerated

the factors to be considered when evaluating grounds for dismissal of an action.  The factors are:

"(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the

4

judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chemicals, et al.*, 167 F.R.D. 90, 101 (D. Colo. 1996).

## I.    *Prejudice to the Defendant*

It appears Plaintiff has lost contact with the court, lost interest in his case, or both.  In any event, the court and opposing counsel's inability to contact Plaintiff has brought the progress of this case to a halt.  Furthermore, while Plaintiff's failure to provide either a monthly payment or to demonstrate his inability to pay has neither delayed the progression of his case nor caused defendants prejudice, the court notes the purpose behind requiring prisoners to pay their filing fee is to deter frivolous prisoner litigation.  *Williams v. Roberts*, 116 F.3d 1126, 1127–28 (5th Cir. 1997).  Defendants, like the courts, are burdened by frivolous cases.  Thus, the defendants certainly are affected by noncompliance with filing rules that seek to decrease frivolous litigation.  In addition, as the Tenth Circuit explained:

> The issue here is not money *per se*. The issue, rather, is respect for the judicial process and the law.  Plaintiff must lose his right to pursue his claim in court because of his utter unwillingness to make the minor sacrifices required by statute and by the repeated directives of a patient district court.  In disposing of this appeal, we have occasion to set forth the duties of indigent prisoners with respect to the payment of filing fees.

*Cosby v. Meadors*, 351 F.3d 1324, 1326–27 (10th Cir. 2003).  "These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Id.* at 1327 (internal quotations and citations omitted).

## II.      *Interference with the Judicial Process*

The Plaintiff has failed to comply with this court's Order to Show Cause issued January 12, 2010.  (Doc. No. 54.)  Plaintiff's failure to follow the court's Orders, prosecute this action, and pay the filing fee, as well as the court's continual review of his file and issuance of Orders increase the workload of the court and interfere with the administration of justice.

## III.     *Culpability of the Plaintiff*

Plaintiff has, without any reasonable excuse, ignored the court's Order to Show Cause (Doc. No. 54), despite the court's repeated warnings concerning the consequences of noncompliance.  From this the court must conclude that Plaintiff is responsible for his noncompliance.

## IV.      *Advance Notice of Sanctions of Dismissal for Noncompliance*

Plaintiff was warned that he risked dismissal of his case if he failed to respond to the Order to Show Cause or failed to make payments towards the filing fee or show cause why he could not.  (Doc. No. 54.)  Despite that warning, Plaintiff failed to make any adequate showing excusing his failures to comply with this court's Orders concerning his failure to prosecute and to make his monthly payments or show cause why he could not.

## V.       *Efficacy of a Lesser Sanction*

Finally, the court concludes that no sanction less than dismissal would be effective.  The Plaintiff is proceeding *in forma pauperis*; consequently, a monetary sanction would be ineffective.  Because the injury from Plaintiff's failures to comply principally is to the judicial system, and not to defendants, a sanction limiting evidence would bear no substantial relation to

the misconduct.  Under these circumstances, no lesser sanction would be effective and dismissal

without prejudice is an appropriate sanction.  Accordingly, it is

 **RECOMMENDED** that the Complaint (Doc. No. 3) and cause of action be

**DISMISSED WITHOUT PREJUDICE**.

### ADVISEMENT TO THE PARTIES

 Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the District Court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real*

*Property Known As 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure

to make timely objections may bar *de novo* review by the District Judge of the Magistrate

Judge's proposed findings and recommendations and will result in a waiver of the right to appeal

from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d

at 1059–60 (a party's objections to the Magistrate Judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of February, 2010.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge